UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BESSIE ROSA, an individual

    Plaintiff,

v.                                                    Case No:   2:15-cv-187-FtM-38CM

WELLINGTON ACADEMY, LLC,

    Defendant.
_____

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Extend Discovery Deadline (Doc. 27) filed on September 9, 2016, Plaintiff's Emergency Motion to Quash "Notice of Deposition" and Incorporated Memorandum of Law (Doc. 28) filed on September 23, 2016, and Defendant's Amended Motion to Extend Discovery Deadline and Incorporated Memorandum of Law (Doc. 29) filed on September 23, 2016. Plaintiff opposes Defendant's motions to extend (Docs. 27, 29), and Defendant opposes Plaintiff's motion to quash (Doc. 28). Doc. 28 at 6; Doc. 31. Even though Defendant has not filed a response to Plaintiff's motion to quash (Doc. 28), due to the time-sensitive nature of the request, the Court will consider the motion.

On September 28, 2015, the Court issued a Case Management and Scheduling Order setting the discovery deadline to September 30, 2016. Doc. 17. Almost one year later, on September 9, 2016, Defendant filed a Motion to Extend Discovery Deadline, seeking a brief extension of the discovery deadline. Doc. 27. Defendant

states that during Plaintiff's deposition on August 15, 2016, Plaintiff made certain representations of fact, which led Defendant to serve a Second Request for Production. *Id.* at 1. Defendant asserts that the extension is necessary because Plaintiff does not have sufficient time to respond to Defendant's discovery request before the current discovery deadline. *Id.* at 2.

On September 23, 2016, Plaintiff filed an Emergency Motion to Quash "Notice of Deposition" directed at a non-party witness, Jeanette Blusiewicz. Doc. 28. Plaintiff asserts that Defendant "inexplicably waited over a year to even attempt to schedule her deposition" and indicated its desire to take a deposition of Ms. Blusiewicz on September 6, 2016. *Id.* at 3, 5. Counsel for Plaintiff advised Defendant that he is not available for a deposition in September 2016 because he had a trial beginning on September 7, 2016 and has had many other litigation commitments. *Id.* at 3. On September 8, 2016, Defendant suggested scheduling the deposition of Ms. Blusiewicz after the discovery deadline, but Plaintiff opposed that. *Id.* On September 15, 2016, Defendant's counsel expressed his willingness to set the deposition at the end of October, 2016. *Id.* at 4. However, Defendant still served a Notice of Deposition setting the deposition on September 27, 2016. Doc. 28-1. Defendant explained that it had to set the deposition prior to the discovery deadline in order to have "any possibility of the court granting" the motion to extend. Doc. 28 at 4. Defendant further stated that "[it] remain[s] very willing to reschedule according to [Plaintiff's] availability." *Id.*

Plaintiff seeks to quash Defendant's notice (Doc. 28-1) because Defendant's notice was untimely. *Id.* Defendant's notice did not comply with Local Rule 3.02, which states that "a party desiring to take the deposition of any person upon oral examination [ ] give at least fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)." M.D. Fla. R. 3.02. If notice is served by electronic means, three (3) additional days are added to the prescribed period. Fed. R. Civ. P. 6(d); *see Auto-Owners Ins. Co.*, 231 F.R.D. at 428. Defendant's notice dated September 15, 2016 provides only twelve days (12) notice to Plaintiff. Doc. 28-1.

Here, the Court construes Plaintiff's motion to quash as a motion for protective order based under Rule 26(c). Doc. 28-1; Fed. R. Civ. P. 26(c); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("The Court may, and it does, deem [the] motion to quash as a motion for a protective order under Rule 26(c).") Rule 45 only applies to subpoenas,[1] and Plaintiff does not present any subpoena to be quashed. Fed. R. Civ. P. 45(d); Doc. 28-1. Instead, Plaintiff presents a "Notice of Taking Deposition" dated September 15, 2016. Doc. 28-1.

Rule 26(c) provides that "a party or any person" may move for a protective order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court, upon showing of good cause,

---

[1] Pursuant to Rule 45, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

may issue a protective order including "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery" and "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c). "Rule 26(c) gives the district court discretionary power to fashion a protective order." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

Here, the Court will not quash but issue a protective order allowing the parties to reschedule the deposition outside of the discovery deadline. Even though Defendant's notice did not comply with Local Rule 3.02, Plaintiff's counsel does not allege that he or Ms. Blusiewicz is unavailable on the date of the deposition. Doc. 28 at 3. Furthermore, Plaintiff was aware that Defendant would move to schedule the deposition within this month because of the upcoming discovery deadline and Defendant's notification to Plaintiff's counsel on September 6, 2016. *Id.*; Doc. 17.

In addition, the extension of discovery for the limited purposes of completing outstanding discovery requests is necessary because Defendant has an outstanding discovery request served on September 8, 2016. Doc. 28 at 3. Plaintiff has thirty (30) days to respond, which is outside of the current discovery deadline. Fed. R. Civ. P. 34(b)(2)(A). To allow the parties to conduct the deposition of Ms. Blusiewicz and Plaintiff to respond to Defendant's Second Request for Production, the parties will have up to and including October 11, 2016 to complete outstanding discovery.[2]

---

[2] The Court emphasizes here that the extension of the discovery deadline is for the above-mentioned discovery purposes only. Doc. 17. This Order does not affect the remaining deadlines, including the deadline for dispositive motions.

Lastly, Plaintiff is advised that the use of the term "emergency" on the title of a pleading should be used only in extraordinary circumstances, when there is a true and legitimate emergency. When a pleading is labeled as an "emergency," the Court is compelled to immediately divert its attention from other pending matters and to focus on the alleged emergency. Here, there is no pending threat of immediate or irreparable harm to cause this motion to be designated as an emergency. If any party files an "emergency" motion in the future when there is not a true emergency, the Court may impose sanctions against that party. While the Court recognizes Plaintiff's concern and appreciates Plaintiff's attempt to comply with the deadlines set forth in Rule 4, an impending deadline is not an emergency.

The Court also reminds the parties of Local Rule 3.01(g), which asks the parties to confer before filing a motion with this Court. M.D. Fla. R. 3.01(g). Had the parties communicated over scheduling conflicts, the ground for this motion would have been eliminated without the Court's intervention. Likewise, the parties' faithful compliance with Rule 3.01(g) will eliminate the need for filing a motion to compel during the extended discovery period.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Emergency Motion to Quash "Notice of Deposition" and Incorporated Memorandum of Law (Doc. 28), construed as a motion for a protective order, is **GRANTED in part and DENIED in part**.

      2.    Defendant's Motion to Extend Discovery Deadline (Doc. 27) and Amended Motion to Extend Discovery Deadline (Doc. 29) are **GRANTED in part and DENIED in part**. The parties shall have up to and including October 11, 2016 to complete outstanding discovery requests.

      **DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of September, 2016.

                                              CAROL MIRANDO
                                              United States Magistrate Judge

Copies:
Counsel of record